STATE EX REL. AACHEN & MUNICH FIRE INSUR-
ANCE COMPANY, APPELLANT, v. ROTWITT,
SECRETARY OF STATE, RESPONDENT.

[Submitted October 7, 1895.  Decided October 14, 1895.]

FOREIGN CORPORATION—*Filing of charter—Designation of agent—Statutory construc-
tion.*—Chapter 24, p. 720 of the Compiled Statutes of 1887, requiring all foreign corpora-
tions to file in the office of the secretary of the territory a copy of their charter or certifi-
cate of incorporation together with a statement of the financial affairs of such corpora-
tion and a designated attorney or person upon whom service of process could be had,
was expressly repealed by the act of March 8, 1893, which provided that foreign corpo-
rations, before carrying on business in the state, should file with the secretary of state
a certificate designating an agent for the service of process. The Civil Code, approved
February 19, 1895, §§ 1030-1033, Title XI, relating to foreign corporations, adopted provi-
sions quite, but not wholly similar to those of said chapter 24, Compiled Statutes of 1887,
and with different provisions as to the penalties and reports, and which title was on
March 13, 1895, amended by the adoption of two additional sections. By the act of
March 13, 1895 (Political Code, 1895, § 5186) the act of March 8, 1893, is expressly de-
clared in full force and effect. *Held,* that the legislature would be presumed to have
passed the Civil Code, with title XI as part of it, with knowledge of the law of March
8, 1893, and its repealing clause and to have intended said title XI as a new enact-
ment; that the repealing clause, of the act of 1893, though the entire act was adopted
by the Political Code, § 5186, was ineffective as against sections or chapters other than
chapter 24 of the act of 1887; and that therefore the act of 1893 and title XI of the
Civil Code of 1895, were both to be upheld, if by fair and reasonable interpretation
they could be made to operate in harmony.

SAME—*Designation of agent for service of process—Repeal.*—The latter portion of section
1030 of the Civil Code requiring a foreign corporation to file with the secretary of state
a certificate setting forth its consent to be sued in the courts of this state, and the
name of the person or persons on whom service of process may be made. is repealed
by the act of March 1893. (§ 1036, Civil Code) which covers the whole subject of the
designation of an agent to receive process.

SAME—*Penalty for failure to designate agent—Repeal.*—Section 1032 of the Civil Code im-
posing a penalty upon foreign corporations for omitting to file the documents required
to be filed is repugnant to section 1037 (§ 2 of the act of March 8, 1893) and is repealed
in so far as it imposes a penalty for failing to file the certificate of designation of an
agent upon whom process may be served and for omitting to state the principal place
of business of such corporation in the state.

FOREIGN FIRE INSURANCE COMPANIES—*Filing articles of incorporation—Special and
general laws.*— Foreign fire insurance companies are not included within the general
law (Civil Code, § 1030) requiring foreign corporations to file copies of their articles of
incorporation with the secretary of state, for by chapter 1, title IV (§ 650 *et seq.*) of the
Civil Code, a distinct system is provided with relation to stock and mutual insurance
companies. both domestic and foreign, in which it is required that copies of their
charter or articles of incorporation shall be filed with the state auditor.

SAME—*General and special laws—Legislative intent.*—In particularly embracing within
the provisions of title XI of the Civil Code, relating generally to foreign corporations,
foreign life insurance companies, not on the assessment plan, and which appear not
to be regulated by special laws, it was the legislative intent to exclude from the opera-
tion of the general law concerning foreign corporations, all foreign companies which
were otherwise regulated by special provisions.

*Appeal from First Judicial District, Lewis and Clarke County.*

Application for a writ of *mandamus* to compel the respondent as secretary of state to file a copy of relator's charter. Judgment was rendered for the respondent below by Blake, J. Reversed.

Statement of the case by the justice delivering the opinion.

Relator avers that it is a foreign fire insurance corporation, with its principal place of business in Aix-la-Chapelle, Germany; that, desiring to do business in Montana, and to avail itself of the rights conferred upon foreign corporations by sections 669 and 670, tit. 4, c. 1, Civ. Code, Mont., it duly filed in the office of the state auditor a written appointment of an agent within the state to receive service of process on behalf of said company, with acceptance of such appointment by such agent, also a certified copy of the charter and articles of incorporation of said company, and a statement giving the name of said company, the place where located, the amount of its capital stock, the deposit of money for the benefit or security of the assured, and a copy of the last annual report of said company, and in all respects complied with the provisions of said statute, and paid the state auditor the sum of $81, the amount of his fees and proper charges; that thereupon the state auditor duly issued to said company a license and certificate of authority to do its insurance business within the state of Montana; that thereafter, on July 30, 1895, the said company presented to the secretary of state a certified copy of its charter and articles of incorporation, with the appointment of an agent for this state, and requested said respondent, the secretary, to file and record said papers in said office, and tendered to said respondent $5, his legal fee for services in and about the premises; that the said secretary refused to receive and file the said certified copy of said company's charter or articles of incorporation, or the designation of said company's authorized agent, and refused the tendered fee; that said re-

fusal was in violation of the duties of the secretary of state; that deponent has no plain, speedy, and adequate remedy in the ordinary course of law in the premises, and therefore prays for an alternate writ of mandate commanding the secretary of state to receive and file the papers of said company, or show cause why he has not done so.

An alternate writ was issued by the district court. The respondent, the secretary of state, through his counsel, the attorney general, moved to quash the petition, upon the ground that it did not state facts sufficient to warrant the relief prayed for. The court sustained the motion to quash, and rendered judgment in favor of respondent for costs. The relator appeals from the judgment.

*H. G. & S. H. McIntire,* and *Wade & Barrows,* for Appellant.

*Henri J. Haskell,* Attorney General, for Respondent.

HUNT, J.—The legislature of 1895, in fixing the official fees of the secretary of state, provided, by subdivisions 3, 4, and 10, § 410, Political Code, that "for receiving and filing each certificate of incorporation he shall charge and collect the sum of fifty cents on each one thousand dollars of the capital stock of any company or corporation: * * * provided, that no additional fee shall be charged for filing and recording articles of incorporation; * * * for issuing each certificate of incorporation, three dollars; for filing and recording notice of appointment of agent, five dollars."

The contention of the relator is that there is no existing law requiring a foreign fire insurance corporation to file a copy of its charter or articles of incorporation in the office of the secretary of state. It is conceded by the petition of relator that it is necessary for it to file with the secretary (respondent) a written designation of an agent to receive service of process on its behalf, but it insists that when this written designation is tendered to the secretary, with the fee for filing and recording the same, nothing more is required of relator as a condition

precedent to its right to do business in the state, and that the state cannot exact the sum of 50 cents upon each $1,000 of the company's capital stock. The state, on the other hand, insists that the relator must file with the respondent a certified copy of its articles of incorporation, in addition to its designation of an agent to receive process, and must pay the fees prescribed by section 410 of the Political Code, referred to, before it can do business within Montana. To decide the question, we must closely inquire into the various statutes of the state and territory, imposing certain conditions upon foreign corporations.

By the act of the legislative assembly ''concerning fire insurance companies and agents,'' approved February 21, 1879 (Sess. Laws 1879, p. 54), it was made unlawful for any foreign fire insurance company to do business in Montana unless possessed of an actual capital of $200,000; and any such company desiring to do business in Montana was obliged to appoint an agent upon whom process could be served, and to file the authority of such agent with the auditor of the territory. This act also required a foreign fire insurance company to file a certified copy of its act of incorporation or charter, with a statement showing the amount of capital stock, assets, liabilities, etc., with the auditor of the territory. It was made unlawful for any such company to do any business until it had first procured a certificate from the auditor stating that the company had complied with the provisions of the act. This act also appears in Rev. St. 1879, p. 559, c. 31. By an act approved February 14, 1881 (Laws 1881, p. 52), concerning insurance companies and agents, the provisions of the act of February 21, 1879, were extended to life as well as fire insurance companies. By an act ''regulating insurance companies,'' approved March 8, 1883 (Laws 1883, p. 67), the formation of insurance companies within the territory was regulated; and, among other things, it was provided, by sections 23-26 of said act, that foreign fire insurance companies should file a designation of an attorney to acknowledge service of process for such company in Montana, and also a certified copy

of their charter or deed of settlement, etc., with the auditor. The provisions of the law of 1883 are found, in substance, in sections 586-589, pp. 777-779, div. 5, Gen. Laws (Comp. St. 1887).

By an act concerning foreign corporations, approved July 22, 1879, to be found also in chapter 24, p. 720, Comp. St. 1887, all foreign corporations were required to file in the office of the secretary of the territory, and in the office of the county recorder of the county wherein they intended to carry on business, a duly authenticated copy of their charter or certificate of incorporation, together with a statement of the financial affairs of such corporation, and a designated attorney or person upon whom service of process could be had.

By an act approved March 2, 1893 (Laws 1893, p. 103), entitled "An act to amend section 586 of the fifth division, Compiled Statutes of Montana" (which was really taken from part of the act of 1883), the legislature amended section 586, in particulars, however, not material to the question under investigation. Thereafter, on March 8, 1893 (Laws 1893, p. 91), by an act to provide the conditions "upon which foreign corporations may do business in this state," it was provided that, before any foreign corporation could begin to carry on business in Montana, it should, by its certificate, under the hand of its president and the seal of such company, file in the office of the secretary of state a designation of an agent upon whom service of process might be made.

It is important at this point of the investigation to note that in this last act of March 8, 1893, there is an express repeal of chapter 24, p. 720, Comp. St. Mont. 1887. The noticeable differences between the new law of 1893 and the repealed chapter 24 were these: In the old act there was a requirement that a foreign corporation should, before doing business within the state, file in the office of the secretary of state, and in the office of the county clerk of the county wherein it intended to carry on business, a duly authenticated copy of its charter or certificate of incorporation, and a statement of its financial matters in detail. All these provisions were entirely

omitted in the new law, which swept away the whole of chapter 24. The new law simply provided that foreign corporations should, before commencing business, file with the secretary of state a certificate designating an agent upon whom service of summons and other process could be made, and stating the principal place of business of such corporation in Montana. The penalties for omitting to file the certificate or certificates required were also different under the two laws.

But it is beyond dispute that from 1893 up to the time of the adoption of the Codes there were no requirements of foreign corporations as conditions precedent to their right to do business in the state except those embodied in the law of 1893.

Advancing to later legislation, we must ascertain the condition of the law as affected by the new Codes of 1895. The Civil Code was duly approved February 19, 1895. It was acted upon by the legislature as it had been reported by the Code commission in 1892. Doubtless, it was thought more convenient to pass the Codes as reported, and thereafter to legislate with relation to the Codes as adopted. Examining the Civil Code, we at once find that statutes similar, but by no means identical, with the provisions of chapter 24, of the Compiled Statutes of 1887, were adopted as a part of the new Civil Code of the state, under title XI, ''Foreign Corporations.'' See sections 615-618, p. 115, of the Civil Code reported by the Code commission.

A principle of construction is here properly invoked. The legislature are presumed to have passed the Code, and this title XI as part of it, with deliberation, and with knowledge of the law which existed at the time of the passage of this Code, to wit, the act of March 8, 1893, and which had expressly repealed chapter 24 as it stood in the Compiled Statutes of 1887. They were not bound, however, to approve of the action of the legislature of 1893 in repealing chapter 24 of the laws of 1887; and the presumption is that, in the new sections adopted, they intended to impose obligations upon foreign corporations

seeking to do business in the state, similar in most respects to those required before the law of 1893 took effect, and they did so to a great extent. (Civil Code, §§ 1030-1033, inclusive.) On March 13, 1895, the same legislature which had passed the Civil Code expressly declared that "An act to provide the conditions upon which foreign corporations may do business in this state," approved March 8, 1893, should be in full force and effect. (Political Code 1895, § 5186.) Part of this act, as hereinbefore stated, contained an express repeal of chapter 24 of the Compiled Statutes of 1887; that is, a repeal of a law with provisions quite, but not wholly, similar to those concerning foreign corporations which had just been adopted by the legislature in the Civil Code as sections 615 to 618. But this declaration that the act of 1893 should be in full force and effect, did not affect sections 615 to 618, just theretofore adopted in the Civil Code, because these sections were new and different enactments of the legislature; and a reiteration by the legislature of 1895 of the clause of the law of 1893, repealing chapter 24 of the laws of 1887 (if such reiteration was intended), could have no effect upon any sections or chapters other than chapter 24 of the laws of 1887, specifically enumerated, while as to that chapter it was useless, because it had already been repealed two years before.

To confirm our view that title XI of the Codes as adopted (§§ 1030–1033, Civil Code 1895) was a new enactment, and was understood to be such, we find that the phraseology, and in part the substance, of the sections of the two laws, differ. The penalty clauses and the periods fixed for reports are not the same. Besides, about a month after the Civil Code was adopted, the legislature passed an act entitled "An act to amend title 11 of part 4 of the First Division of the Civil Code of Montana, entitled 'Foreign Corporations.'" This law was approved March 19, 1895. It added two sections to title XI, part 4, First Division of the Civil Code, exactly as such Code had been reported by the Code commission in 1892, and as it had been adopted in 1895. These amendments were germane to the title, and were regularly numbered 619 and 620. The

legislature thus preserved the title of the chapter and the correct numerical sequence of the sections of the adopted Code relating to the subject of foreign corporations. These amendments were as follows :

"Section 619.  Any foreign corporation that has heretofore engaged in business, performed acts or made contracts in this state, may, within ninety days from the date this act goes into effect, comply with the provisions hereof, and thereupon all its acts and contracts done and made before this act goes into effect shall be valid and enforceable, any statutes of this state heretofore enacted to the contrary notwithstanding.

"Section 620.  Foreign life insurance companies, not on the assessment plan, are hereby declared to be embraced within the provisions of this act."

Section 619 is now section 1034, and section 620 section 1035, of the Civil Code (1895). The renumbering was done by the codifier in his arrangement of the various provisions of the Codes.

We conclude, therefore, that the legislature enacted both laws,—the one, title 11, as adopted, by way of new enactment; the other, by express retention of the act of March 8, 1893.  As before stated, we regard the repealing clause in the 1893 act as ineffective against the new legislation of 1895. Both laws must therefore be upheld if, by fair and reasonable interpretation, they may be made to operate in harmony and without absurdity.  (Sutherland on Statutory Construction, § 152.)  There is a presumption that the legislature did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable.  "In an endeavor to harmonize statutes seemingly incompatible, to avoid repeal by implication, a court will reject absurdity as not enacted, and accept with favorable consideration what is reasonable and convenient."  (Id.)  It is also a rule of construction that, where two acts were passed at the same session of the legislature, effect should be given to each, if possible.  In such a case the presumption is strong against implied repeal.  (*H. & T. C. R. R. Co.* v. *Ford*, 53

Tex. 364; *Smith* v. *People*, 47 N. Y. 330; Sutherland on Statutory Construction, § 153.)

Tested by these rules of statutory construction, all that portion of section 1030 which requires foreign corporations to file in the office of the secretary of state a duly-authenticated copy of their charter or articles of incorporation, and also a statement, verified as required by said section, showing the various matters embraced within the six enumerated subdivisions of said section 1030, must be sustained. The latter portion of said section 1030, providing that a foreign corporation shall also file its consent to be sued in the courts of this state, and a certificate that service of process may be made upon such person, is, we think, repealed by the act of March 8, 1893 (§ 1036, Civil Code), which covers the whole subject of the designation of an agent to receive process. Section 1031 of the Code, requiring the consent of the person designated to act as agent, is not included in any portion of the law of 1893, and seems not to be repugnant to any of the provisions of said law. Certainly, so far as it is in the nature of a rule of evidence, it must be given effect. Section 1033 of the Civil Code, which provides for a semi-annual report of the affairs of foreign corporations, is not embraced at all in the act of 1893, and must also be sustained as a new enactment of 1895. Section 1032 of the Civil Code, imposing a penalty upon foreign corporations for omitting to file the documents required to be filed, is clearly repugnant to section 1037, or section 2 of the act of March 8, 1893, so far as it imposes a penalty for failing to file the certificate of designation of an agent upon whom process may be served, and for omitting to state the principal place of business of such corporation in the state. Under general rules, all those portions of section 1032 prescribing penalties which are inconsistent with section 1037 are therefore repealed. (Political Code, § 5165; Sutherland on Statutory Construction, § 160.)

Having determined that foreign corporations, unless otherwise specially controlled, must file duly-authenticated copies of their charters or articles of incorporation in the office of the

secretary of state, and in other respects comply with title 11, Civil Code, 1895, it would be proper, in the present case, to decide the further question whether the secretary may exact the fees provided for in section 410, Political Code; were it not for our opinion that foreign fire insurance corporations are not included within the general law requiring foreign corporations to file copies of their articles with the secretary of state.

At the time of the adoption of the Civil Code, and as part of it, we find, in chapter 1, title 4, § 650 *et seq.*, a distinct system with relation to stock and mutual insurance companies. This system extends to associations to be formed in the state, and to foreign insurance companies as well. By sections 669 and 670, in order for any foreign fire insurance company to transact any business of insurance in Montana, it must be possessed of $200,000 of paid-up capital; it must appoint an attorney in each county in which agencies are established, and shall file with the state auditor a written instrument authorizing such attorney to acknowledge service of process, and also a certified copy of their charter or articles of incorporation, together with a statement, under the oath of the president or vice president and the secretary stating the name of the company, and the place where located, the amount of its capital stock, with an exhaustive detailed statement of the stock and items, as required from companies organized under certain other laws of the state. It is further provided that such statement shall show to the full satisfaction of the state auditor that the company, if organized without the United States, has deposited in some one of the United States or territories not less than $100,000 for the special benefit of the assured, and shall file a copy of the last annual report. It is declared to be unlawful for any person to act for any insurance company referred to in the chapter in transacting business of insurance in this state without procuring from the state auditor a certificate of authority that such company has complied with the requirements of said chapter. Statements and evidences of investments required of foreign companies must be renewed annu-

ally.   If the auditor is satisfied that the capital securities and investments remain secure, he shall furnish a renewal of the certificate.   The auditor, whenever he deems it expedient, may examine the affairs and condition of any foreign insurance company doing business in the state, and must, if it appears that the affairs of any such company are in an unsound condition, revoke the certificate granted in its behalf, and must publish the notice of revocation thereof; and the agents of the company are required, after notice of such revocation, to discontinue the issuing of policies.   By section 678, the auditor's certificate that such a foreign insurance company has in all respects complied with the insurance laws must be published annually.

We are clearly of opinion that the laws relating especially to fire insurance companies contemplate that the state auditor is the official with whom must be filed certified copies of their charter, or articles and other documents required of them by the various sections of the insurance statutes, and that it was not the intention of the legislature to include foreign fire insurance companies in those statutes generally applicable to foreign corporations, and which require them to file certified copies of their articles of incorporation with the secretary of state.   Obviously, such was the legislative intent, for, by section 1035 (one of the amendments of 1895), foreign life insurance companies, not on the assessment plan, which appear not to be, especially, strictly regulated by special laws, were declared to be embraced within the provisions of the act under the title of ''Foreign Corporations.''   The expression that this one class of foreign insurance companies should be included in the law strengthens the opinion that other foreign companies, if regulated by law, were to be excluded from the operation of the general law concerning corporations. (*Marine Insurance Co.* v. *St. Louis, I. M. & S. Ry. Co.*, 41 Fed. 643.)   The case at bar is very like that of *St. Louis, I. M. & S. Ry. Co.* v. *Commercial Union Insurance Co.*, 139 U. S. 223, 11 Sup. Ct. 554, where the supreme court held that where it was the settled policy of the state for insurance com-

panies to make returns, and receive certificates of authority from the auditor, they could not reasonably be held to be governed by the act concerning foreign corporations generally, which required a certificate to be filed with the secretary of state designating an agent upon whom service might be made, and stating the principal place of business of the corporation within the state. Upon this authority, the relator should not be held to the necessity of filing its articles of incorporation with the respondent (secretary). Nor is it necessary under the general law of 1893, codified as section 1036, Civil Code, for relator to file a certificate designating an agent to receive process, and a principal place of business in the state, unless possibly such a necessity exists by reason of the date of the approval of the act expressly declaring the act of 1893 in force being subsequent to the date of the adoption of the Civil Code. (See Political Code, § 5186; *Gutzeil* v. *Pennie*, (Cal.) 30 Pac. 836; Murfree on Foreign Corporations, § 199.) A final decision upon this point is reserved, inasmuch as the relator has tendered such a certificate, together with the legal fee for filing and recording the same, to the secretary, and asks for a writ to compel the respondent to file and record the same.

As the alternative writ issued was quashed on respondent's motion, we see no objection to remanding the case, with permission to relator to amend to conform to the views of this opinion. (*State ex rel. Waters* v. *Baggott*, 96 Mo. 63, 8 S. W. 737; *State ex rel. Hasbrouck* v. *City of Milwaukee*, 22 Wis. 380; *Brown* v. *Rahway*, 51 N. J. Law, 279, 17 Atl. 122; High on Extr. Rem., § 579.)

The judgment of the district court is therefore reversed, and the proceeding is remanded, with directions to permit the relator to amend his petition by limiting the averments and prayer of the same to an application for a writ of mandate to compel the secretary of state, upon payment of a fee of five dollars, to file and record the relator's certificate, under the hand of its president and seal of such company, designating an agent, who shall be a citizen of the state, upon whom service of summons and other process may be made, and also stating

the principal place of business of such corporation in this state; and, when such petition is so amended, let a peremptory writ issue from the district court accordingly.

*Reversed and remanded.*

PEMBERTON, C. J., and DE WITT, J. concur.