THE PALATINE INSURANCE COMPANY (LTD.), RESPONDENT, *v.* CRITTENDEN ET AL., APPELLANTS.

[Submitted June 23, 1896.   Decided June 29, 1896.]

SURETY—*Liability on agent's bond—Duty of obligee.*—Failure of the obligee of an agent's bond to inform a surety, at the time of the execution of the bond, that the agent was then indebted to him in a former agency, does not discharge the surety, where no representations were made by the obligee as to the trustworthiness of the agent, or inquiry by the surety as to the agent's former relations with his principal.

FOREIGN INSURANCE COMPANIES.—The right of a foreign insurance company to recover on a contract in this state is not affected by failure to file in the office of the secretary of state and the county recorder, the papers designated in chapter 24, Fifth Division, Compiled Statutes, 1887. (*State ex rel. Aachen & Munich Fire Insurance Co.* v. *Rotwitt*, 17 Mont. 41, affirmed.)

*Appeal from Second Judicial District, Silver Bow County.*

ACTION on bond. Defendant's motion for a new trial was denied by McHATTON, J. Affirmed.

Statement of the case by the justice delivering the opinion.

On June 4, 1892, the plaintiff, a foreign insurance company, appointed the defendant William J. Crittenden its agent. This agency continued until August 30, 1893, upon which date Crittenden rendered an account to the plaintiff, showing

that he had received $878.20 as agent, which he had not paid over to the plaintiff. Crittenden had given a bond, with the defendants H. R. Bartlett and Joseph Chauvin as sureties. One of the conditions of the bond was that he should account and pay over to the company all such moneys of the company as he might, from time to time, receive. The plaintiff commenced this action against Crittenden as principal and Bartlett and Chauvin as sureties for the recovery of the amount of money due as aforesaid. Crittenden defaulted, and judgment was entered against him for $936.70. The action was tried as against the sureties, and judgment rendered for $475.23 against them. After a motion for a new trial was denied, the defendant Bartlett appealed from this order and from the judgment.

The separate answer of the defendant Bartlett, surety, set up that prior to June 4, 1892, at which date Crittenden was appointed agent for the plaintiff, a firm consisting of Crittenden and one Tucker, under the firm name of Crittenden & Tucker, had been the agents for the plaintiff, and that when Crittenden was appointed agent, on June 4th, Crittenden & Tucker were indebted to the plaintiff in a sum exceeding $500, and that the defendant Bartlett, when he executed the bond, was not notified of the fact that Crittenden & Tucker were so indebted to the plaintiff.

Upon the trial of the case, the surety Bartlett, desiring to prove that the former indebtedness of Crittenden & Tucker to plaintiff was a fraudulent one, obtained leave to amend his complaint, and inserted the following allegation : "That the said indebtedness from Crittenden & Tucker to plaintiff was fraudulent, and the said Crittenden & Tucker were in default, and were defaulters to plaintiff in said sum, which was long past due; and the said Crittenden & Tucker fraudulently withheld same from plaintiff, of which facts this defendant was not notified, though the plaintiff had an opportunity so to do; that said Crittenden & Tucker had given the plaintiff no bond whatever."

The trial then proceeded, and evidence was introduced show-

ing the fact of the indebtedness of Crittenden & Tucker to the plaintiff.    At the close of the testimony, the court, of its own motion, struck out all said testimony, and withdrew the same from the jury.    The reason given by the court was that this evidence did not sustain the allegation of Bartlett's answer, or the amendment which he made upon the trial in reference to this indebtedness being fraudulent.    The court held that the indebtedness of Crittenden & Tucker was simply a debt to the insurance company which was indulged by the company, and that the mere fact of the indebtedness of Crittenden & Tucker to the company, and the noncommunication of that fact by the company to the sureties at the time of the execution of the bond, would not be a defense to an action on the bond.    The court then proceeded to give instructions based upon this construction of the law.    It is the action of the court in this respect that is now assigned as error by the appealing defendant, Bartlett.

*Forbis & Forbis,* for Appellant.

*S. De Wolfe,* for Respondent.

DE WITT, J.—The statement preceding this opinion gives the point so fully that there seems to be but little to say beyond citing a few of the leading authorities.    We are of opinion that the ruling of the lower court upon the law was correct.    We find it stated in 2 Brandt on Suretyship, § 422, that :    "If the party who takes a bond for the conduct of the principal in an employment knows at the time that the principal is then a defaulter in said employment, and conceals the fact from the surety, such concealment is a fraud upon the surety, and discharges him."    The author cites numerous cases upon this point.    There are some cases to the contrary, but we are of opinion from a review of the decisions that the text of Brandt quoted states the law correctly.

Appellant relies upon this statement of the law, and contends that the evidence which the court struck out showed that the firm of Crittenden & Tucker were defaulters to the insur-

ance company at the time when the company took the bond from Crittenden and his sureties, and that Crittenden, being a member of that firm, was also a defaulter when the bond was given, and that it was the duty of the insurance company, in taking the bond, to divulge this fact to the sureties. But upon a review of the evidence we are of opinion that the court was correct in holding that the evidence did not show that Crittenden was a defaulter, or that Crittenden's former indebtedness to the company was a fraudulent one, but that it was simply a debt owing by him to the company. Appellant's authorities, and his statement of the law, are therefore inapplicable.

Mr. Bartlett, the defendant, was called as a witness, and he does not pretend to claim that any representations were made to him by the insurance company as to the trustworthiness of Crittenden. He made no inquiry whatever as to Crittenden's former relations to the company, or his former good conduct towards the company in their business.

The point in this case therefore is: Must the party taking a bond divulge to the surety the fact that the agent about to be employed was formerly indebted to said party about to take the bond, when no inquiry was made by the person intending to become a surety? We think that the authorities are to the effect that no such obligation rests upon the obligee of the proposed bond. If such obligation did rest upon the obligee of such bond, the obligee would not be able to determine what facts he should communicate and what facts were immaterial. We find the following in Brandt on Suretyship, § 419: "Where it was agreed between principal and creditor that a guaranty for part of the debt should be surrendered upon a new guaranty being executed, and this fact was not communicated to the party signing the new guaranty, it was held that he was not thereby discharged. The court said that the concealment, in order to discharge the guarantor, must be fraudulent. If it were otherwise, 'it would be indispensably necessary for the bankers to whom the security is to be given to state how the account has been kept, whether the debtor was punctual in his dealings, whether he performed his promises in an

honorable manner; for all these things are extremely material for the surety to know. But unless questions be particularly put by the surety to gain this information,   *   *   * it is quite unnecessary for the creditor to whom the suretyship is given to make any such disclosure.'" The quotation in Brandt is from *North British Ins. Co.* v. *Lloyd*, 10 Exch. 523.

We also find the following in 2 Brandt, on page 611, note 4: "In *Roper* v. *Trustees*, 91 Ill. 518, it is held that if a person, knowing another to be utterly insolvent, propose to credit him if he will procure sureties, he is not guilty of fraud by failure to inform the surety of the insolvency of his principal; but *aliter* if he use an artifice to throw the surety off his guard, or deceive him."

So, in the case at bar, if Crittenden & Tucker had not paid the insurance company, and were unable to pay, it may be said that they were insolvent, and, under the authority of the Illinois case, the company was not obliged to communicate that fact to the surety, when no inquiry was made, and when no artifice was used by any one to deceive the proposed surety. Again, it is said in *Wilmington, etc., R. R. Co.* v. *Ling*, 18 S. C. 116: "That if the plaintiffs knew when the bond was given that their agent was in default, and indebted to them in his pre-existing agency, and yet concealed this fact, and held him out to the sureties as trustworthy, either expressly or impliedly, such conduct would be a fraud upon the sureties, and would make void the bond as to them." Applying this decision, we find that in the case at bar the insurance company did not conceal the fact of Crittenden's former indebtedness, and did not hold him out as trustworthy. The subject was never mentioned between Bartlett and the agent of the insurance company who acted in the premises. See, also, *La Rose* v. *Logansport Nat. Bank*, 102 Ind. 332; 1 N. E. 805; *Home Insurance Co.* v. *Holway*, 55 Iowa, 571; 8 N. W. 457; *Remington Machine Co.* v. *Kezertee*, 49 Wis. 409; 5 N. W. 809; *Home Machine Co.* v. *Farrington*, 82 N. Y. 121; *Bostwick* v. *Van Voorhis*, 91, New York, 353 ; *Booth* v. *Storrs*,

75 Ill. 438; *Graves* v. *Lebanon Nat. Bank,* 19 Am. Rep. 50; Brandt on Suretyship, §§ 419-422.

We are therefore of opinion that under these decisions there was no error in the ruling of the district court.

The plaintiff in this case is a foreign insurance corporation. It is admitted by the pleadings that the plaintiff had not filed in the offices of the secretary of state and the county recorder the papers designated in Chapter 24, Division 5, Compiled Statutes 1887, and also in the act of March 8, 1893, and that, therefore, the contract of this bond could not be enforced by the plaintiff. But that contention of the appellant has been decided adversely to him in the case of the *State* v. *Rotwitt,* 17 Mont. 41; 41 Pac. 1004.

The judgment and order denying a new trial are affirmed.

*Affirmed.*

Hunt, J., concurs.    Pemberton, C. J., not sitting.