STATE *ex rel.* CALDWELL v. OLDFIELD, *Justice of the Peace.*

No. 342.    Opinion Filed December 21, 1908.

(98 Pac. 925.)

1.  **STATUTES—Construction—Change in Existing Law—Presumption Against.** The presumption is that the Legislature does not intend to make any change in the existing law, except as is expressly declared, and, when an act creating a remedy or right does not prescribe the procedure therefor, it will be assumed that the general mode of procedure of that forum was intended, unless the same is expressly excluded.

2.  **INTOXICATING LIQUORS—Search and Seizure—Change of Venue.** In trials as to property rights under section 6, art. 3, Enforcing Act (Sess. Laws 1907-08, p. 605, c. 69), a claimant may have such case changed to some justice of the peace in an adjoining township of the same county, whenever under the provisions of chapter 67, art. 7, Wilson's Rev. & Ann. St. 1903, he is entitled to same.

(Syllabus by the Court.)

Original application for mandamus by the State, on relation of Fred S. Caldwell, as counsel to the Governor, against Edward D. Oldfield, a Justice of the Peace.    Writ denied.

On the 10th day of August, A. D. 1908, this action was instituted in the name of the state, on the relation of Fred S. Cald-

well, as counsel to the Governor, in this court, against the respondent, Edward D. Oldfield, as justice of the peace within and for Oklahoma City township, Oklahoma county, of the state of Oklahoma, alleging in his petition: That on the 23d day of July, A. D. 1908, there was filed with the said respondent, as such justice of the peace a complaint in writing under and pursuant to the terms and provisions of section 5, article 3, of what is termed the "Enforcing Act" (Sess. Laws 1907-08, p. 594, c. 69, Senate Bill 61) ; said complaint being in due form, properly verified. That said respondent, acting under the terms of said act, caused to be issued a search and seizure warrant, which was duly executed and returned to said respondent as such justice of the peace on the 25th day of July, A. D. 1908. Thereupon the said respondent caused to be docketed in his court case No. 335, entitled "State of Oklahoma versus Certain Intoxicating Liquors, and the Containers Thereof." That prior to the return of said search and seizure warrant, to wit, on the 24th day of July, A. D. 1908, one D. C. Stout filed with said respondent, as justice of the peace, his claim in writing, pursuant to the provisions of the Enforcing Act, to a portion of the property seized under said warrant. That said cause was set for hearing upon said return on the 5th day of August, A. D. 1908, before said respondent, as justice of the peace, at 1:30 o'clock p. m. That at said time said cause came on for hearing before said respondent, the state appearing by its attorney, Fred S. Caldwell, as counsel to the Governor, and the claimant, D. C. Stout, appearing in person and by his attorneys, J. H. Beatty and W. D. Cardwell. Whereupon said claimant presented and filed his application and affidavit for a change of venue, which was in due form and properly supported. That said hearing was duly continued until the next day, to wit, the 6th day of August, A. D. 1908, at 4 o'clock p. m., at which time, all parties appearing, the said respondent, as justice of the peace, entered an order granting said claimant a change of venue, and refused to proceed further with said hearing, and declared that he would take no further action

thereon or therewith except to prepare a transcript for such change of venue, and transmit all the files and papers in said cause to some other justice of the peace. · That said respondent, as justice of the peace, still refuses to proceed with said hearing on its merits, and will not proceed therewith unless ordered and directed so to do by this court, and still threatens to, and will unless restrained by this court, transfer and transmit all of the papers and files in said cause to some other justice of the peace. That said order granting said change of venue is without authority of law, and void, and could not and did not operate to divest the said respondent of jurisdiction of said cause. That if said void order undertaking to grant such change of venue is executed by the said respondent, as justice of the peace, by filing a transcript with another justice of the peace within said county, and transferring to such other justice of the peace all the files and papers in said cause, such other justice of the peace would not, and could not, thereby become vested with jurisdiction of the subject-matter of said cause. Relator prays for a writ of mandamus requiring the respondent to proceed to the determination of said cause.

On the 13th day of August, A. D. 1908, an alternative writ was issued, returnable on the 26th day of August, A. D. 1908. On said date the respondent answered, substantially admitting the allegations made by the relator, at the same time denying the relator's right to a peremptory writ of mandamus, for the reasons: (1) That plaintiff was not without an adequate remedy at law; (2) that plaintiff's petition did not state facts sufficient to entitle him to a peremptory writ of mandamus; (3) that the matter of granting a change of venue in said cause was entirely within the discretion of the respondent, and that a writ of mandamus should not issue to compel the respondent to do, or not to do, a thing which is within his judicial discretion.

*Fred S. Caldwell,* for relator.

*J. H. Beatty* and *Pruitt, Cardwell & Sniggs,* for respondent.

WILLIAMS, C. J. (after stating the facts as above). The only question necessary to pass on, in order to dispose of this case, is whether or not, in trials as to property rights under section 6, art.. 3, of the Enforcing Act (Sess. Laws 1907-08, p. 605, c. 69), the procedure before magistrates or justices of the peace as provided in sections 4997-5001, incl., Wilson's Rev. & Ann. St. 1903 (chapter 67, art. 7), applies. In the case of *State ex rel. Caldwell, Relator, v. Hooker, County Judge, Respondent, ante,* p. 712, 98 Pac. 964, this court, in construing said section of the Enforcing Act, said:

"The presumption is that the procedure before magistrates or justices of the peace, and county and district courts, was contemplated (sections 5015, 5017, 5113, 5151, Wilson's Rev. & Ann. St. 1903); that, if any other than the usual procedure was intended, the Legislature would have so expressly declared, and it does not clearly appear that it was the intention of the Legislature that the regularly prescribed procedure of trial by jury before justices of the peace, and county and district courts, was to be denied to such claimants, or dispensed with in such cases. *Huston v. Scott,* 20 Okla. 142, 94 Pac. 512; *Graham v. Van Wyck,* 14 Barb. (N. Y.) 531; *State v. Rotwitt,* 17 Mont. 41, 41 Pac. 1004; Sutherland Stat. Const. (2d Ed. Lewis) p. 931."

Following the rule announced in that case, the relator is not entitled to the relief prayed for.

Writ denied.

All the Justices concur.