Dear Director Barnett,
The Attorney General has received your letter wherein you ask, in effect, the following questions:
1. In light of 63 O.S. 2756(A)(2) (1978), does the Oklahoma WaterResources Board possess concurrent jurisdiction with the OklahomaCorporation Commission in the administrative prosecution and enforcementof water pollution violations and remedies arising from the disposal ordischarge of substances produced from or obtained or used in connectionwith the drilling, development, producing, and processing of oil andgas, i.e., oil and gas related waste?
 2. If this provision has the effect of granting sole and exclusivejurisdiction in this area to the Oklahoma Corporation Commission, is suchprovision constitutional under Okla. Const. Article V, Section 57?
With respect to question one, attention must first be given to 52 O.S. 139 (1971), passed by the Legislature in 1965, which provides as follows:
 "The Corporation Commission of Oklahoma, referred to in this Act as the `Commission', is hereby vested with jurisdiction, power and authority, and it shall be its duty, to make and enforce such rules, regulations and orders governing and regulating the handling, storage and disposition of salt water, mineral brines, waste oil and other deleterious substances produced from or obtained or used in connection with the drilling, development, producing, refining and processing of oil and gas within the State of Oklahoma or operation of oil or gas wells in this State as are reasonable and necessary for the purpose of preventing the pollution of the surface and subsurface waters in the State, and to otherwise carry out the purpose of this Act."
The above provision served as the initial grant of jurisdiction to the Corporation Commission over the control and disposition of deleterious substances resulting from oil and gas operations and authorized the Commission to make and enforce appropriate rules and regulations to prevent pollution of state waters by such substances.
However, as was intimated in Attorney General's Opinion 76-215 (July 30, 1976) and Attorney General's Opinion 77-295 (January 31, 1978), this jurisdiction of the Corporation Commission has been shared concurrently with the Water Resources Board, the authority of the latter to act being set forth in 82 O.S. 926.1 through 82 O.S. 926.13 (1972) passed by the Legislature in 1972. 82 O.S. 926.2 states that it is the policy of the State "to provided for the prevention, abatement and control of new or existing pollution; and to cooperate with other agencies of this state, agencies of other states and the federal government in carrying out these objectives." Concerning the powers of the Water Resources Board, 82 O.S. 926.3 provides that:
 "The Oklahoma Water Resources Board shall have and is hereby authorized to exercise the following powers and duties:
 "1. To develop comprehensive programs for the prevention, control and abatement of new or existing pollution of the waters of this state;
 "2. To advise, consult and cooperate with other agencies of this state, the federal government, other states and interstate agencies and with affected groups, political subdivisions and industries in furtherance of the purposes of this act;
 "7. To adopt, modify, repeal, promulgate and enforce rules and regulations implementing or effectuating the powers and duties of the Board under this act;
"8. To issue, modify, or revoke orders
 "a. prohibiting or abating discharges of wastes into the waters of the state;
 "10. To issue, continue in effect, revoke, modify or deny, under such conditions as it may prescribe, to prevent, control or abate pollution, permits for the discharge of wastes into the waters of the state, and for installation, modification or operation of industrial disposal systems or any parts thereof;"
In addition, 82 O.S. 926.4 provides:
 "A. It shall be unlawful for any person to cause pollution as defined in Section 1 of this act of any waters of the state or to place or cause to be placed any wastes in a location where they are likely to cause pollution of any waters of the state. Any such action is hereby declared to be a public nuisance.
 "B. It shall be unlawful for any person to carry on any of the following activities without first securing such permit from the Board, as is required by it, for the discharge of all industrial wastes which are or may be discharged thereby into the waters of the state:
 "1. The construction, installation, modification or operation of any industrial disposal system or part thereof or any extension or addition thereto;
 "2. The increase in volume or strength of any industrial wastes in excess of the permissive discharges specified under any existing permit;
 "3. The construction, installation or operation of any industrial or commercial establishment or any extension or modification thereof or addition thereto, the operation of which would cause an increase in the discharge of wastes into the waters of the state or would otherwise alter the physical, chemical or biological properties of any waters of the state in any manner not already lawfully authorized; or
 "4. The construction or use of any new outlet for the discharge of any industrial wastes into the waters of the state."
It should further be noted that the terms "pollution" and "waste" as defined in 82 O.S. 926.1 are defined in terms broad enough to encompass oil and gas related pollution and waste. Furthermore, 82 O.S. 926.12 and 82 O.S. 926.13 provide, respectively, that the provisions authorizing the Board to act are to be construed as "auxiliary and supplementary" to other pollution laws of the State and that such provisions are intended to "provide additional and cumulative remedies to prevent, abate and control the pollution of the waters of the state."
Thereafter, the Legislature in 1976 enacted the Oklahoma Controlled Industrial Waste Disposal Act codified as 63 O.S. 2751[63-2751] et seq. (1976). The Act defined "controlled industrial waste" and created the Controlled Industrial Waste Management Section to administer the Act. Among the duties of the Section was the responsibility to promulgate all necessary rules and regulations for the processing, storage, transportation, and disposal of controlled industrial waste, said rules and regulations to become effective when adopted by the State Board of Health. 63 O.S. 2756(A) .
However, specifically exempted from the control of the Section was waste generated by oil and gas operations. 63 O.S. 2756(A)(2) provided that "Any substances resulting from, or used in conjunction with oil and gas exploration, development or production shall continue to be regulated by the Corporation Commission." Emphasis added As a result of this exception, the Corporation Commission and the Water Resources Board continued to have concurrent jurisdiction over oil and gas related waste.
Then, in 1978, the Legislature revised the Controlled Industrial Waste Disposal Act making certain amendments thereto among which was changing the name of the Controlled Industrial Waste Management Section to the Controlled Industrial Waste Management Division. While the authority of the Division as set forth originally in 63 O.S. 2756 remained the same, that part of 63 O.S. 2756 excluding oil and gas related waste from the control of the Division was revised to state as follows:
 "The Corporation Commission of Oklahoma is hereby vested with exclusive jurisdiction, power and authority, and it shall be its duty to make and enforce such rules, regulations and orders governing and regulating the handling, hauling, storage and disposition of salt water, mineral brines, waste oil and other deleterious substances produced from or obtained or used in connection with the drilling, development, producing, and processing of oil and gas, including reclaiming of oil from tank bottoms located on leases and tank farms located outside the boundaries of a refinery.
 "The Corporation Commission shall promulgate such rules and regulations as are reasonable and necessary for the purpose of preventing the pollution of the surface and subsurface waters in the state." Emphasis added
As reasoned in Attorney General's Opinion 78-261 (December 6, 1978), the adoption of the above amendment was not intended to preempt all other available pollution procedures and remedies. In that Opinion, the issue addressed was whether 63 O.S. 2756 had the effect of divesting the Pollution Control Coordinating Board of its authority to act in the area of pollution generated by oil and gas operations. In determining that the amendment in question did not have such an effect, it was stated as follows:
 "It is evident from reading the above-quoted statutory section that the Corporation Commission of Oklahoma is vested with exclusive jurisdiction; however, this exclusive jurisdiction extends only to the promulgation and enforcement of rules, regulations and orders governing and regulating the handling, hauling, storage and disposition of salt water mineral brines, waste or other deleterious substances produced from or obtained or used in connection with the drilling, development, producing, and processing of oil and gas. . . .
 By amending 63 O.S. 2756 to include the word `exclusive' before the word `jurisdiction' the Legislature did not defeat the Board's possible assumption of jurisdiction. It merely manifested that the Commission had primary authority to promulgate pollution related rules and regulations and enforce same in connection with oil and gas operations. The administrative procedures available to any pollution complainant, and the authority of the Board itself, were not changed thereby. In construing any legislative enactment the presumption is that the Legislature does not intend to make any change in any existing law, except as expressly declared, and where an act creating a remedy or right does not prescribe the procedure therefor, it will be presumed that the general mode of procedure was intended, unless expressly excluded. See Caldwell v. Oldfield, 98 P. 925
and Caldwell v. Hooker, 98 P. 964." Emphasis added
In light of the statutory provisions relative to the Water Resources Board evidencing the Legislature's intent that the jurisdiction and authority of such Board is to be auxiliary and supplemental to other pollution laws and that the Board is to provide additional and cumulative remedies to prevent, abate and control pollution of the waters of the State, it is apparent that 63 O.S. 2756 does not operate to divest the Board of its authority to act in the area of water pollution generated by oil and gas related operations As a result thereof, it is unnecessary to consider your second question.
Accordingly, it is the opinion of the Attorney General that yourquestion should be answered in the affirmative as follows:
 63 O.S. 2756(A)(2) (1978) does not prevent the exercise of jurisdictionby the Water Resources Board over oil and gas related pollution pursuantto its authority found in 82 O.S. 926.1[82-926.1] et seq. (1972) in orderto prevent, abate and control the pollution of the waters of the State.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
BRENT S. HAYNIE, ASSISTANT ATTORNEY GENERAL