Terry L. Cline, Ph.D., Commissioner Oklahoma Department of Mental Health and Substance Abuse Services P.O. Box 53277 Oklahoma City, Oklahoma 73152
Dear Commissioner Cline:
The Attorney General has received your request for an Official Attorney General Opinion in which you ask, in effect, the following question:
 Does 43A O.S. Supp. 2005, § 1-110[43A-1-110] require the Department of Mental Health and Substance Abuse Services to reimburse law enforcement personnel for transportation services associated with the emergency detention and civil commitment process over and above reimbursement for mileage based on the State Travel Reimbursement Act?
In essence, you ask whether recent changes in 43A O.S. Supp. 2005, § 1-110[43A-1-110], pertaining to the responsibility of law enforcement personnel to transport individuals needing examination, emergency detention, protective custody and inpatient services for mental health disorders, indicate a legislative intent that law enforcement personnel should be reimbursed for travel costs other than mileage. We conclude the Legislature intended to leave the State Travel Reimbursement Act ("Act") (74 O.S. 2001 Supp. 2005, §§ 500.1-500.37) unchanged, insofar as it allows only for reimbursement of mileage or other direct transportation expense (except in certain specified situations) and does not expand the authority of the Department of Mental Health and Substance Abuse Services ("DMHSAS") to reimburse expenses other than those provided for in the Act.
As originally enacted, Section 1-110 provided that a sheriff or deputy sheriff "shall be reimbursed for each mile actually traveled" at a specified rate per mile, except that the rate shall be "[o]n and after July 1, 2000, the rate established in the State Travel Reimbursement Act." 1998 Okla. Sess. Laws ch. 384, § 2(A) (codified at 43A O.S. Supp. 1998, § 1-110[43A-1-110](A)).
In 2000, Section 1-110 was amended to include "[s]heriffs and peace officers," to apply to transportation of children as well as adults, and to entitle sheriffs, deputy sheriffs and peace officers acting "on behalf of any county, city, town or municipality" to be eligible for travel reimbursement. 2000 Okla. Sess. Laws ch. 326, § 1(A), (B). A requirement of reimbursement for mileage actually traveled was retained in Section 1-110(B) with continued reference to the provisions of the Act. See
2000 Okla. Sess. Laws ch. 326, § 1(B).
In 2002, Section 1-110(B) was again amended, this time to substitute the term "minor" for the term "child." In addition, the specific reference to "reimbursement for each mile actually traveled" was deleted, retaining only a requirement for reimbursement "in accordance with the provisions of the State Travel Reimbursement Act." 2002 Okla. Sess. Laws ch. 488, § 4(B).
Amendments in 2003 clarified provisions relating to the duties of sheriffs and peace officers to transport individuals requiring examination, emergency detention and other services. These amendments of 43A O.S. Supp. 2002, § 1-110[43A-1-110] provided:
 A. Sheriffs and peace officers shall be responsible for transporting individuals to and from designated sites or facilities for the purpose of examination, emergency detention, protective custody and inpatient services.
 B. Sheriffs and peace officers shall be entitiled to reimbursement from the Department of Mental Health and Substance Abuse Services for transportation services associated with minors or adults requiring mental health treatment, examination, emergency detention, protective custody, and inpatient services.
 B. C. Any transportation provided by a sheriff or deputy sheriff or a peace officer on behalf of any county, city, town or municipality of this state, to or from any facility for the purpose of examination, admission, interfacility transfer, discharge,
medical treatment, or court appearance, mental health services, or placement of a minor or an adult
shall be reimbursed in accordance with the provisions of the State Travel Reimbursement Act.
2003 Okla. Sess. Laws ch. 46, § 5. The 2005 Legislature amended Section 1-110 as follows:
 A. Sheriffs and peace officers shall be responsible for transporting individuals to and from designated sites or facilities for the purpose of examination, emergency detention, protective custody and inpatient services.
 B. A municipal law enforcement agency shall be responsible for any individual found within such municipality's jurisdiction. The county sheriff shall be responsible for any individual found outside of a municipality's jurisdiction, but within the county.
 C. The law enforcement agency transporting an individual to and from designated sites or facilities pursuant to the provisions of this section shall maintain responsibility for the transportation of such individual pending completion of the examination, emergency detention, protective custody and inpatient services.
 D. Sheriffs and peace officers shall be entitled to reimbursement from the Department of Mental Health and Substance Abuse Services for transportation services associated with minors or adults requiring examination, emergency detention, protective custody and inpatient services.
 C.E. Any transportation provided by a sheriff or deputy sheriff or a peace officer on behalf of any county, city, town or municipality of this state, to or from any facility for the purpose of examination, admission, interfacility transfer, medical treatment or court appearance shall be reimbursed in accordance with the provisions of the State Travel Reimbursement Act.
 F. Nothing in this section shall prohibit a law enforcement agency from entering into a lawful agreement with any other law enforcement agency to fulfill the requirements established by this section.
2005 Okla. Sess. Laws ch. 195, § 4. Section 1-110 has been amended four times since its enactment in 1998, but the reference to the Act has remained unchanged.
The Act provides that "[a]uthorized persons traveling on official state business within the State of Oklahoma may utilize railroads, airplanes, buses, . . . or other public conveyance[,]" and may also utilize either publicly or privately owned motor vehicles. 74 O.S. 2001, § 500.4[74-500.4]. When using a private motor vehicle, reimbursement is allowed as provided in the United States "Internal Revenue Code of 1986 [`Code'], as amended, or [other] rules, procedures or other action by the Internal Revenue Service, for use in determining the standard mileage rate allowed for a business expense deduction." Id. § 500.4(C).
"State agencies are authorized to enter into contracts and agreements for the payment of food and lodging expenses as may be necessary for employees and other persons who are performing substantial and necessary services to the state by attending official conferences, . . . or in the performance of their duties." 74 O.S. Supp. 2005, § 500.2[74-500.2](E)(2).[1]
Section 500.2 of the Act also authorizes the Commissioner of DMHSAS "to enter into contracts and agreements for the payment of food, lodging, and other authorized expenses as may be necessary to host, conduct, or sponsor, or participate in conferences, meetings, or training sessions[,]" so long as food costs at an event not requiring overnight travel do not exceed the total daily rate as provided in the Act. Id. § 500.2(H)(1), (2). Except in certain disaster relief situations, 74 O.S. 2001, § 500.7[74-500.7] provides:
 Travel status for meals and lodging purposes shall be defined as absence from the officer's or employee's home area and/or official station area while performing assigned official duties. Provided however, employees whose duties are normally mobile and statewide or multicounty in nature shall not be deemed to have an official station.
Id. "Reimbursement for overnight lodging, while on official travel status," with very limited exceptions, must be at the rate allowed by the Code for business travel. Id. § 500.9(A).
Section 500.18(A) of the Act makes it plain that, except for certain travel expenses of enumerated officials and agencies, "provisions of Sections 500.1 through 500.18 of this title shall be mandatory for all officials and employees of all departments, boards, commissions and institutions of the state, regardless of the provisions of any other act of the Legislature. . . ."
Significantly, nowhere in the Act are state agencies (or local agencies performing state functions) authorized to pay anything other than mileage (or other direct transportation expense) and actual costs of food and lodging. There is no mention whatsoever in the Act of a requirement for reimbursement of other items, such as an individual's time. We find no indication in recent amendments to the Act that the Legislature has departed from its requirement that reimbursement be limited to actual and necessary mileage, lodging and meals. It is presumed the "Legislature does not intend to make any change in existing law, except as [it] expressly declare[s]" such change. State ex rel. Caldwell v.Oldfield, 98 P. 925 (syllabus ¶ 1) (Okla. 1908).
Further, state agencies have only those powers that are granted to them by statute, and an agency may not, by administrative rule, expand its powers beyond those granted by statute. Okla.Alcoholic Beverage Control Bd. v. Moss, 509 P.2d 666, 667-68
(Okla. 1973). Generally, an agency has only such express and implied powers as are necessary for the due and efficient exercise of the powers expressly granted by statute or which may be fairly implied from the statute. Marley v. Cannon,618 P.2d 401, 405 (Okla. 1980). We conclude the only powers granted to DMHSAS with respect to reimbursement of peace officers or law enforcement agencies are those specified in Section 1-110 of Title 43A and in the Act.
Accordingly, we conclude that under the Act, (1) DMHSAS lacks the authority to reimburse a peace officer or law enforcement agency for anything other than mileage, and in proper cases, meals and lodging, in performing duties under Section 1-110; and (2) peace officers and law enforcement agencies lack the authority under Section 1-110 and the Act to ask for reimbursement for items other than mileage, meals or lodging.
Whether a law enforcement agency or peace officer transporting an individual for mental health evaluation or care under Section 1-110 is authorized to obtain reimbursement for meals or lodging in a given instance involves questions of fact, which cannot be addressed in an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Title 43A O.S. Supp. 2005, § 1-110[43A-1-110] authorizes the Department of Mental Health and Substance Abuse Services ("DMHSAS") to reimburse sheriffs, peace officers and law enforcement agencies for travel expenses incurred in transporting individuals for mental health evaluation, emergency detention, protective custody and other services as set forth in Section 1-110, but only to the extent authorized by the State Travel Reimbursement Act, 74 O.S. 2001 Supp. 2005, §§ 500.1-500.37. DMHSAS lacks authority to reimburse law enforcement personnel for travel items other than as specified in the Act. See Marley v. Cannon, 618 P.2d 401, 405 (Okla. 1980).
 2. The State Travel Reimbursement Act authorizes state agencies, including DMHSAS, to reimburse employees and other authorized persons for travel by motor vehicle at a rate per mile traveled, not exceeding the rate permitted by the United States Internal Revenue Code of 1986, as amended, and rules and regulations promulgated thereunder. 74 O.S. 2001, § 500.4[74-500.4](C). In addition, the State Travel Reimbursement Act permits agencies to reimburse employees and other authorized persons for overnight lodging and meals at specified rates when in official travel status. Id. § 500.4(A).
 3. Whether a law enforcement agency or peace officer transporting an individual for mental health evaluation or care under Section 1-110 is authorized to obtain reimbursement for meals or lodging in a given instance involves questions of fact, which cannot be addressed in an Attorney General's opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
LYNN C. ROGERS ASSISTANT ATTORNEY GENERAL
[1] Title 74 O.S. Supp. 2005, § 500.2[74-500.2] was amended in the Second Regular Session of the Fiftieth Legislature, however, the amendment is not germane here. See 2006 Okla. Sess. Laws ch. 16, § 82.