Edward M. FARRIS and Colleen M. Farris, Petitioners,

v.

Honorable Joe CANNON, District Judge, 7th Judicial District, Oklahoma County, Oklahoma, Respondent.

No. 58199.

Supreme Court of Oklahoma.

July 27, 1982.

David A. Poarch, Monty L. Bratcher, King, Bratcher, King, Poarch & Owen, Oklahoma City, for petitioners.

Joe S. Rolston, III, Elliott, Woodard, Rolston & Metheny, Oklahoma City, for respondent.

OPALA, Justice:

The issues presented are: [1] Did the trial court err in barring judgment creditors from access to the county clerk's office for filing of record therein a judgment recovered by them in the district court? [2] If so, can the judgment debtor secure a discharge of the judgment lien while the appeal is pending? We answer both questions in the affirmative.

The petitioners [judgment creditors] were awarded damages and costs in a defective title action against Southwest Title & Trust Company [debtor]. On motion of the debtor to set supersedeas bond, the trial judge ordered the judgment debtor to post a cash bond and enjoined the [judgment] creditors from placing the judgment of record in the office of the county clerk of Oklahoma County or in any other county clerk's office in the State of Oklahoma. The judgment creditors invoke our original jurisdiction for relief from those provisions of the trial court's order which enjoin them from perfecting a judgment lien.

I.

## JUDGMENT CREDITOR HAS UNIMPEDED RIGHT TO FILE JUDGMENT OF RECORD IN COUNTY CLERK'S OFFICE IN ORDER TO SECURE A LIEN ON JUDGMENT DEBTOR'S REAL PROPERTY

Judgment creditors contend they have been impermissibly barred from perfecting their statutory lien rights by complying with the terms of 12 O.S.1981 § 706.[1]

The post-1978 version of § 706 clearly provides that a judgment of a court of record *shall* become a lien on the real estate of the judgment debtor (situated within a county) when a certified copy of the judgment is filed of record in the county clerk's office. The trial court has no authority to abridge this statutory remedy. The law does not invest the judiciary with power to interfere with the lawful exercise of a creditor's statutory right to a judgment lien.

---

1. The terms of 12 O.S.1981 § 706 (post-1978 version) provide:

   "Judgments of courts of record of this state and of the United States shall be liens on the real estate of the judgment debtor within a county from and after the time a certified copy of such judgment has been filed in the office of the county clerk in that county. No judgment whether rendered by a court of the state or of the United States shall be a lien on the real estate of a judgment debtor in any county until it has been filed in this manner. Execution shall be issued only from the court in. which the judgment is rendered."

The injunctive provisions of the order—challenged here—are clearly unauthorized by law. The trial court is prohibited from enforcing them.

## II.

### JUDGMENT DEBTOR MAY EFFECT A DISCHARGE OF THE JUDGMENT LIEN DURING PENDENCY OF APPEAL

While judgment creditors must be given free and judicially unimpeded access to the county clerk's office for the exercise of their statutory right to impress a lien on the debtor's realty, there is *no* legal warrant for depriving a debtor of the opportunity to secure a statutorily-authorized lien discharge under 12 O.S.1981 § 706.2.[2]

Although in 1978 the legislature did change the provisions for perfecting a lien of the judgment by requiring that the filing of its memorial be effected with the *county clerk* rather than by an entry on the judgment docket, it left unaltered the terms of 12 O.S.1981 § 706.2. The provisions of § 706.2 continue to authorize a judgment lien's discharge by posting with the *court clerk* a cash deposit with a "written statement . . . that such deposit is made to discharge the lien . . .". Because the pre-1978 procedure no longer seemed efficacious to secure the lien's discharge, the debtor's lawyers no doubt thought themselves helpless to effect a valid lien discharge that would operate as a release upon the face of the county clerk's record. There is simply *no* provision in the current statutory scheme for effectively demonstrating—by an official instrument recorded in the county clerk's office—that a perfected judgment lien stands discharged in the court clerk's office pursuant to the provisions of § 706.-2.[3] In an effort to obtain indirectly the desired relief of discharge the debtor did post in this case (with the court clerk) the required cash deposit and then—for lack of another and more reliable procedural device—resorted to injunction as a means of preventing the creditors from perfecting what was feared would become an undischargeable lien of record. Injunction may have appeared, at the time, to be the debtor's only effective way of securing protection from the legal effect of an impending judgment lien perfection.

The intent of the 1978 Legislature to leave in effect the lien discharge provisions of § 706.2 is beyond anyone's doubt. Courts are not without power to give full viability to this legislatively-instituted remedy—which remains unrepealed and hence in force—by fashioning the mechanics for perfecting a legally efficacious judgment lien discharge. It is indeed the duty of the judicial service to supply, by an appropriate pronouncement, whatever procedure may be deemed necessary in order to implement a legislatively-designed remedy that is found procedurally incomplete or deficient.[4]

2. The terms of 12 O.S.1981 § 706.2 provide in pertinent part:

"In the event of an appeal to the Supreme Court of the State of Oklahoma from a money judgment, the lien of such judgment . . . shall cease upon the judgment debtor or debtors' depositing, with the *court clerk* of the court in which such judgment was rendered, cash sufficient to cover the whole amount of the judgment . . . accompanied by a written statement, executed by the judgment debtor or debtors, that such deposit is made to discharge the lien of such judgment . . . It shall be the duty of the court clerk, upon receipt of such a cash deposit and written statement, immediately to enter the same and the amount of cash received upon the appearance docket in the cause and upon the judgment docket opposite the entry of such judgment. * * *" [Emphasis ours].

3. Although the legislature did remedy the problem in part during the 1982 session by enacting SB 412, Okl.S.L.1982 p. 278 (which amends 12 O.S.1981 § 1770, Small Claims Procedure Act), it apparently failed to refashion the general lien-release procedure for judgments other than those in small claims.

4. Whenever an act of the legislature creates a remedy but does not prescribe the procedure for its pursuit, the court is duty-bound to fashion that procedure which will best effectuate the intent of the enactment. The legislature is never presumed to have done a vain thing. *State ex rel. Caldwell v. Oldfield*, 22 Okl. 863, 98 P. 925 [1908]; *State ex rel. Caldwell v. Hooker*, 22 Okl. 712, 98 P. 964 [1908]; and *Moral Ins. Co. v. Cooksey*, Okl., 285 P.2d 223 [1955]; see *Linkletter v. Walker*, 381 U.S. 618, 623–624, 85 S.Ct. 1731, 1734, 14 L.Ed.2d 601

Before the enactment of § 706.2 in 1955 there was no statutorily-prescribed method for discharging a judgment lien. *Funk v. First National Bank of Miami.*[5] Unless we do adopt today an efficacious judgment-lien-discharge procedure, our law will recede to its pre-1955 state. To permit its retrogression would be contrary to a clear legislative mandate of § 706.2, by the force of which judgment liens continue to be dischargeable.

In adapting the pre-1978 procedures of § 706.2 to the post-1978 version of § 706, we are not creating herein a new remedy but merely implementing the one that stands created by an act of the legislature and remains in full force.

■ We therefore hold that the debtor in this and every case should be allowed to comply with the terms of § 706.2 by filing with the court clerk the required statement of an intended lien discharge by cash deposit. Upon receiving a sufficient deposit, together with the debtor's statement, the court clerk should forthwith certify—in a recordable form—that the debtor has fully complied with all the § 706.2 requirements and a valid discharge of the recorded judgment lien stands effected by operation of statutory law.

### III

### SUMMARY AND DISPOSITION

In enjoining judgment creditors from perfecting a judgment lien, the respondent applied unauthorized judicial force. Upon complying with § 706.2 procedure, judgment debtor must be afforded its remedy of lien discharge by an effective instrument of record.

Writ is granted; the respondent is directed (a) to afford judgment creditors unim-peded opportunity to perfect a judgment lien by filing of record, in any county clerk's office in the State, a copy of the judgment and (b) to order the Court Clerk in Oklahoma County to retain the deposit of $125,000—previously posted by the judgment debtor as "supersedeas bond"—and treat the fund as a cash deposit made in compliance with the provisions of § 706.2. No additional or other deposit shall be required of the debtor to effect the lien discharge sought. Upon entering the necessary adjustments on his records, the court clerk shall, by direction of the respondent, forthwith issue a recordable certificate of judgment lien's discharge.

All Justices concur.

[1965], in which the Court said "... that judges do in fact do something more than discover law; they make it interstitially by filling in with judicial interpretation the vague, indefinite, or generic statutory or common-law terms that alone are but the empty crevices of the law."

5. 185 Okl. 604, 95 P.2d 589 [1939]. Absent a contrary statute, the lien of a judgment is *not* discharged, but the right to enforce it is merely suspended by the pendency of an appeal. On the affirmance of judgment the lien is restored with full force so that no priority is acquired by a purchase or encumbrance made while such appeal is pending. *Stetson v. Sheehan*, 186 Cal. 334, 200 P. 392 [1921].