1997 OK 111

**Marty and Peggy HILL, Parents and Guardians of Mark James Hill, a minor, Appellees,**

v.

**BOARD OF EDUCATION, District I–009, Jones, Oklahoma, Appellant.**

No. 89503.

Supreme Court of Oklahoma.

Aug. 15, 1997.

Linda Maria Meoli & Timothy M. Melton, The Center for Education Law, Inc., Oklahoma City, for Appellant.

Chuck Moss, Oklahoma City, for Appellees.

WATT, Justice.

¶1 Mark James Hill, a minor, and his parents [appellees] are residents of the Luther School District. Pursuant to earlier granted transfer requests, Hill has been enrolled as a student in the Jones School District since 1986 and will be a senior during the 1997–1998 school year. Both the Jones and Luther school districts are located in Oklahoma County which has a population in excess of 450,000 residents. For reasons not disclosed in the record, Hill's application to transfer to Jones High School for his senior year was denied by the appellant school district.[1]

¶2 Hill's parents appealed the transfer's denial to the Oklahoma County District Court pursuant to the terms of 70 O.S.Supp. 1993 § 8–103(C). The issue before the trial court was whether 70 O.S.Supp.1993 § 8–102(A)(3) *mandated* that the receiving school district approve Hill's transfer request. The court ruled in the appellees' favor, finding that the school district did not have the discretion to deny the transfer request. The court ordered the district to permit Hill to enroll in the Jones School System for his senior year. The school district appealed. This Court granted (1) the appellees' motion to expedite appeal on June 18, 1997, and (2) their motion to retain on June 24, 1997.

## ISSUE

¶3 The issue in this appeal is whether the trial court erred in holding that the terms of 70 O.S.Supp.1993 § 8–102(A)(3) require the school district to accept a transfer—over its objection—of a student who (a) was previously allowed to transfer into the district, (b) seeks the transfer for his senior year, and (c) lives in a county having a population of 450,000 or more residents. We hold that it did not and affirm the trial court.

## DISCUSSION

¶4 The transfer of students between school districts is governed by various provisions of the Oklahoma School Code, 70 O.S. 1991 §§ 1–101 *et seq.*, as amended. Resolution of this case rests upon interpretation of § 8–102(A)(3) of the Code, whose pertinent terms provide:

A. The superintendent of the receiving school district shall grant an application for transfer of a child from the district in which the child resides if such transfer has been approved by the boards of education of both the resident and receiving districts as provided for in Section 8–103 of this title. A student granted a transfer may continue to attend the school to which he transferred unless the receiving district subsequently disapproves the transfer. Notice of such disapproval shall be given on or before April 10th, provided the student shall be entitled to continue attending the school until the end of the school year. Any brother or sister of such student may attend such school with the approval of the receiving school district only, provided that this provision shall not apply to:

\* \* \* \* \* \*

3. Graduating seniors in counties having a population of four hundred fifty thousand (450,000) or above who were previously legally enrolled in the school district to which such student wishes to transfer.

\* \* \* \* \* \*

Provided, however, if the grade such child is entitled to pursue is not offered in the district where such child resides, the transfer must be approved.

¶5 The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the Legislature's intention and purpose as expressed in a statute. *Pub-*

---

1. The appellant is Independent School District No. 9 of Oklahoma County, Oklahoma, and not

"Board of Education, District I–009, Jones, Oklahoma," as designated in the appellee's petition.

*lic Serv. Co. of Okla. v. State ex rel. Corp. Commission*, 1992 OK 153, 842 P.2d 750, 752. In construing a statute's language, "relevant portions must be considered together, where possible, to give force and effect to each other." *Id.*, quoting *Ledbetter v. Okla. Alcoholic Bev. Laws Enforcement Commission*, 1988 OK 117, 764 P.2d 172, 179. Because legislative intent must be derived from the *entire act* in light of its general purpose, *TRW/Reda Pump v. Brewington*, 1992 OK 31, 829 P.2d 15, 20, we will also examine related transfer provisions of the Oklahoma School Code in determining the meaning and legislative intent of § 8–102(A)(3).

¶ 6 We must initially resolve whether the proviso "provided that this provision shall not apply to" refers *only* to "[a]ny brother or sister of [a previously transferred] student" or whether it refers to *both* a previously transferred student and his or her siblings.[2] As a general rule, "A proviso in a statute is presumed to refer only to the provision to which it is attached, and is generally deemed to apply to the clause or provision immediately preceding it." *Goodin v. Brown*, 301 P.2d 652, 654 (Okla.1956). However, a proviso need not be confined to the immediately preceding subject where it clearly appears to have been intended to apply to some other matter. *Russell v. State*, 488 P.2d 1264, 1267 (Okla.1971); *Hudson v. Hopkins*, 75 Okla. 260, 183 P. 507 (1919). In this case, both parties agree, and we concur, that the Legislature intended the proviso to apply to both a previously transferred student *and* his or her siblings. Any other construction would be illogical and contrary to the legislative history of § 8–102(A).

¶ 7 Ordinarily, where a student desires to transfer from the school district in which he/she resides (the "resident district") to another school district (the "receiving district") the student must receive permission from both districts' boards of education. When both school boards approve a transfer application, the superintendent of the receiving district is obligated by law to grant the transfer request. This dictate is clearly set forth in the first sentence of § 8–102(A).

¶ 8 The second sentence of § 8–102(A) declares that "[a] student previously granted a transfer may continue to attend the school to which he transferred unless the receiving district subsequently disapproves the transfer." Stated otherwise, a student who has previously transferred into a receiving district does not need to subsequently obtain permission from his resident district to continue attending school in the receiving district. The transferred student needs only the receiving district's annual acquiescence to continue attending school there. The first part of § 8–102(A)'s fourth sentence is comparable to its second sentence because it provides that any brother or sister of a transferred student may attend the receiving school "with the approval of the receiving district only." Like the earlier transferred student, the sibling of a transferred student only needs the receiving district's annual affirmation to attend school there. The sibling does not need the resident district's approval to effectuate the transfer. The last sentence of § 8–102(A) makes clear that, consistent with § 8–101[3], the receiving district *must* approve the transfer request of any student who resides in a district that does not offer

2. Before its 1993 amendment, § 8–102(A) provided in relevant part:

> A student granted a transfer may continue to attend the school to which he transferred with the approval of the receiving district only, and any brother or sister of such student may attend such school with the approval of the receiving district only, provided that this provision shall not apply to....

The 1993 amendment separated the first two fragments of the above sentence and inserted a new sentence that applies only to a previously transferred student who is denied a transfer and to the siblings of such a student. The proviso was then, we believe, inadvertently left attached to the second fragment of the sentence, rather than being detached so that it clearly referred to both previously transferred students *and* their siblings. Notwithstanding, we do not believe this grammatical error altered the legislative intent of the proviso as it existed before the amendment. *See* Laws 1993, Ch. 239, § 33.

3. Section 8–101 states in relevant part:

> Any child residing in a school district that does not offer the grade which such child is entitled to pursue shall be transferred to any school district inside or outside of the transportation area in which such student resides which offers the grade which he is entitled to pursue....

the grade the student is entitled to pursue *regardless whether that student has previously been granted a transfer into the district.*

¶ 9 At issue in this proceeding is the meaning of the proviso and third exception enumerated in § 8–102(A). Appellees contend that where the exception is applicable to a previously transferred student, the receiving district has no discretion and must approve their subsequent transfer requests. The receiving district argues that mandatory transfers are required only under the limited circumstances listed in § 8–101 and that *all* other transfers are discretionary. The district also urges that where a § 8–102(A)(3) exception does apply and an earlier transferred student seeks a subsequent transfer, *discretionary* approvals from *both* the resident and receiving districts are required. For the reasons stated below, we reject the district's interpretation of this statute and agree with the appellees.

¶ 10 Undoubtedly, discretionary approvals by both the resident and receiving school districts are required for *initial, regular* student transfers. Additionally, the plain language of § 8–102(A)'s second sentence makes clear that the discretionary approval *of the receiving district alone* is necessary for later regular transfers of earlier moved students *unless* these students fall within the exceptions enumerated under § 8–102(A). It is the Legislature's intent expressed in the third of these exceptions—*i.e.,* the one for graduating seniors in counties with populations in excess of 450,000 residents—that must be determined.

¶ 11 The language of § 8–102(A) is very clear that transfers after an initial one require only the approval of the *receiving* district. The district's position—that the terms of § 8–102(A)(3) require a student who would be a graduating senior to secure the approval of both the residence and receiving districts to effectuate a transfer—places on that student a more onerous burden than that borne by similarly situated students seeking transfers for grades two through eleven. The district's suggested application of this third exception would result in disparate treatment for graduating seniors who seek continuing transfers. We do not believe that in enacting the third exception of § 8–102(A) the Legislature intended that a student's transfer for his/her senior year, as here, requires the student's *resident* school district's approval when this was unnecessary for the preceding ten years.

¶ 12 What then did the Legislature intend when adopting the exception in issue? This court will not assume that the Legislature has done a vain and useless act. Rather it must interpret legislation so as to give effect to every word and sentence. *Globe Life and Accident Ins. Co. v. Okla. Tax Commission,* 1996 OK 39, 913 P.2d 1322, 1328; *Farris v. Cannon,* 1982 OK 88, 649 P.2d 529, 531. The third exception's language—rather than mandating that students repeat the initial, regular transfer process for their senior year—operates as a constraint on the receiving district's discretionary power to disapprove a transfer sought by a graduating senior. To hold otherwise would make this exception's language merely duplicative of § 8–102(A)'s second sentence which excuses students seeking continuing transfers from securing their resident district's school board approval. We hold that where an earlier transferred student seeks a transfer for his/her senior year and the requirements of § 8–102(A) are met, the receiving district has no choice but to approve the student's transfer request. This construction is consistent with the expressed legislative intent and gives meaning to § 8–102(A)'s third exception separate and apart from § 8–102(A)'s other language.

¶ 13 It is undisputed that Mark James Hill has been granted earlier transfers by the Jones School District, that he has been legally enrolled there for the previous eleven years, that he will be a senior during the 1997–1998 school year and that Oklahoma County has a population in excess of 450,000 residents. Under these circumstances, the school district lacked the discretion to deny Hill's transfer request. Accordingly, the trial court correctly ordered the district to approve the transfer at issue.

## CONCLUSION

¶ 14 Title 70 O.S.Supp.1993 § 8–102(A) requires a receiving school district to accept the request of any student who was earlier allowed to transfer into the district and who meets the requirements of the third exception in that section. Mark James Hill was allowed to transfer into the Jones School District for eleven straight years. He seeks a transfer to the district for his senior year, lives in a county having in excess of 450,000 residents, and was at all earlier times legally enrolled in the receiving district. These facts satisfy § 8–102(A)(3)'s requirements. Thus, the Jones School District must approve Mr. Hill's transfer request.

**THE JUDGMENT OF THE DISTRICT COURT IS AFFIRMED.**

¶ 15 KAUGER, C.J., and SUMMERS, V.C.J., and HODGES, LAVENDER, HARGRAVE and ALMA WILSON, JJ., concur.

¶ 16 OPALA, J., concurring in result.

OPALA, J., concurring in result.

I concur in result. The trial court's ruling for the child's transfer should be affirmed on a legal basis different from that urged below and on appeal. The public interest clearly supports the child's position. That interest favors continuity of attendance "once a child's residential status has been honestly established and openly maintained...." The school district is hence *estopped* by a long period of acquiescence to refuse the transfer that was sought in this case. *Burdick v. Independent School Dist.*, 1985 OK 49, 702 P.2d 48, 54–56.