Dear Representative Kinnamon,
¶ 0 This office has received your request for an Attorney General Opinion. You have asked, in effect, the following question:
Can an annexed school district convey, without consideration,real property to a municipality in which the property islocated?
¶ 1 The Perkins Public School District annexed the Tryon Public School District, resulting in the Perkins-Tryon Public School District. The real property in question lies in the former Tryon district. The Perkins-Tryon district wishes to deed the surplus property, without consideration, to the Town of Tryon.
¶ 2 The applicable statute is Section 5-117 of Title 70. The statute as it appeared at the beginning of this decade required a school district to receive "a full and adequate consideration" when it disposed of real property no longer needed for school purposes. A.G. Opin. 81-185. See also A.G. Opin. 76-300 ("The phrase `sale, exchange, lease or otherwise' carries the implication that any disposal of school property must be for a reasonable consideration.") In 1992, the statute was amended to allow a board of education in a consolidated[1] school district to convey real property to a local political subdivision without consideration. This addition of "consolidated" to the statutory language, without adding "annexed" or "annexing" — together with opinions restricting the scope of a school board's power to that granted by statute — would lead to the logical conclusion that an annexed or annexing school district could not convey real property in the absence of adequate consideration.
¶ 3 However, in 1993 the Legislature again modified the statute, adding the word "annexed." It now reads:
 The board of education of each school district shall have power to:
. . . .
 11. Dispose of personal or real property no longer needed by the district by sale, exchange, lease, lease-purchase, sale and partial lease back, or otherwise. Real property shall be conveyed pursuant to a public sale, public bid, or private sale, provided however, unless otherwise prohibited by law, the board of education of a consolidated or annexed
school district may convey real property to a local political subdivision without consideration.
70 O.S.Supp. 1996, § 5-117[70-5-117](A) (emphasis added). The addition of this wording would seem to allow a conveyance of the type you envision.
¶ 4 However, there appears to be a problem in Section 5-117 with the use of the word "annexed" instead of "annexing." Use of the word "annexed" describes the district which gives up ownership of its property and is incorporated into a surviving district. See 70 O.S. Supp. 1997, §§ 7-101[70-7-101](C)(5), 7-104. Under Section 7-101(C)(5), on the effective date of the annexation, "the board of education of the school district whose territory was annexed shall be declared abolished." Under the literal wording of Section 5-117(A)(11), only the board of education of an "annexed" school district can convey the property without consideration. But this presents a conundrum: the "annexed" district cannot convey the property before the date of annexation, as it is not yet legally "annexed"; yet upon the effective date of annexation, the "annexed" board is abolished. An added difficulty is that the surviving (annexing) school district may not know before the effective date of annexation whether the property will be needed.
¶ 5 This does not present an insurmountable obstacle, however. A classic presumption in interpreting statutes is that the Legislature will not commit a vain and useless act. Rather, the statute must be interpreted so as to give effect to every word and sentence. Hill v. Board of Education, 944 P.2d 930, 933
(Okla. 1997). Here, the only reasonable interpretation of the additional language is that the Legislature intended the board of education in the annexing district to have the power to convey real property to a local political subdivision without consideration.
¶ 6 A school board "can exercise those powers that are granted in express words; those fairly implied in or necessarily incidental to the powers expressly granted, and those essential to the declared objects and purposes of the corporation." Boardof Education of Oklahoma City v. Cloudman, 92 P.2d 837, 841
(Okla. 1939). Here, the Legislature by amendment has granted an annexing school district the power to convey real property to a local political subdivision without requiring consideration.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 When annexation of school districts occurs, the survivingschool district can convey, without consideration, real propertyto a municipality in which the property is located.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAN CONNALLY ASSISTANT ATTORNEY GENERAL
[1] The words "consolidated" and "annexed" are terms of art within the statutes governing operation of school districts. It is sufficient here to note that the two terms are quite different means of combining two or more school districts.