1999 OK CIV APP 125

Cindy **WALKINGSTICK,**
Plaintiff/Appellant,

v.

**MUSKOGEE REGIONAL MEDICAL CENTER, Defendant/Appellee,**

and

**Dr. Charles B. Fullenweider, Dr. Fred Ruefer, and Dr. Thomas J. Honea, Defendants.**

No.  92,457.

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 17, 1999.

Terrill V. Landrum, Settle, Landrum & Brook, Muskogee, Oklahoma, and Robert A. Fairbanks, Norman, Oklahoma, for Plaintiff/Appellant.

Terry Todd, Elizabeth K. Hall, Todd & Rodolf, Tulsa, Oklahoma, for Defendant/Appellee.

## OPINION

ADAMS, Judge:

¶1 Cindy Walkingstick (Plaintiff) sued Muskogee Regional Medical Center (Hospital) and the other defendants, claiming their negligence caused her injury in July of 1995. Plaintiff subsequently dismissed her claims against the other defendants with prejudice. Hospital filed a motion to dismiss, arguing Plaintiff's failure to comply with the Oklahoma Governmental Tort Claims Act (the Act), 51 O.S.Supp.1994 § 151 *et seq.*, prevented her from recovering on her claim against Hospital. Hospital attached evidentiary material to its motion to show Plaintiff did not give Hospital timely notice of her claim as required by the Act and to demonstrate Hospital qualified as a political subdivision under the Act.

¶2 In response, Plaintiff did not contend she had complied with the Act. Rather, she argued that under applicable law, Hospital was not a political subdivision covered by the Act and therefore was not entitled to its protection. The trial court agreed with Hospital and dismissed Plaintiff's claim, granting judgment to Hospital.[1]

¶3 The controlling statutory language is found in 51 O.S.Supp.1994 § 152(8)(d), which includes "a public trust where the sole beneficiary or beneficiaries are a city, town, school district or county" in the definition of a "political subdivision." The section provides further:

For purposes of the Governmental Tort Claims Act, a public trust shall include a municipal hospital created pursuant to Section 30–101 et seq. of Title 11 of the Oklahoma Statutes, a county hospital created pursuant to Section 781 et seq. of Title 19 of the Oklahoma Statutes, or is created pursuant to a joint agreement between such governing authorities, *that is operated for the public benefit by a public trust created pursuant to Section 176 et seq. of Title 60 of the Oklahoma Statutes and managed by a governing board appointed or elected by the municipality, county, or both, who exercises control of the hospital, subject to the approval of the governing body of the municipality, county, or both,* provided, this subparagraph shall not apply to hospitals or trusts which purchase advertising or which belong to organizations which purchase advertising, in which public funds have been used, in any media the purpose of which is to influence legislation on the civil justice system or to advocate support for or opposition to a candidate for public office. (Emphasis added).

¶4 Plaintiff contends Hospital is not "a municipal hospital created pursuant to Section 30–101 et seq. of Title 11 of the Oklahoma Statutes" because the evidentiary material indicates Hospital is a public trust authority created by the City of Muskogee. Moreover, according to Plaintiff, the emphasized language applies only to hospitals created by a joint agreement between a municipality and a county and cannot apply to other hospitals which are operated by public trusts. We disagree.

¶5 Plaintiff's interpretation of the effect of the emphasized language ignores the grammatical construction of this section.[2] More importantly, we may not adopt an interpretation which assumes the Legislature has done a vain and useless act, but we must interpret legislation so as to give effect to every word and sentence. *Hill v. Board of*

1. Technically, the trial court's order must be reviewed under the standards applicable to summary judgment orders because Hospital's motion presented matters outside the pleadings which were not excluded by the trial court. *See* 12 O.S.1991 § 2012(B). Because both parties agree this case turns on a question of law, the distinction is insignificant to our decision.

2. The placement of the comma before the modifying phrase, where it is preceded by a series which is separated by commas, indicates an intent to apply the modifying phrase to each part of the series.

*Education,* 1997 OK 111, 944 P.2d 930. Plaintiff's interpretation, *i.e.,* the Legislature intended by this section to include only municipal hospitals which were not operated by public trusts, would require us to violate this fundamental principle of statutory construction. Such a hospital was already covered by the Act's provisions because it was merely an extension or agency of the municipality. *Roberts v. South Oklahoma City Hospital Trust,* 1986 OK 52, 742 P.2d 1077.

■ ¶ 6 We hold that a municipal hospital operated by a public trust meeting the requirements contained in the emphasized language is a political subdivision covered by the Act. Plaintiff does not argue that the trust which operates Hospital fails to meet those requirements. At the time of Plaintiff's alleged injuries, Hospital was a political subdivision entitled to the protection afforded by the Act. The trial court's judgment is affirmed.

AFFIRMED

CARL B. JONES, C.J., and HANSEN, P.J., concur.