Dear Mr. Meacham:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 Is the Oklahoma State Treasurer required to pay valid unclaimed property claims to property owned by a deceased person valued between $10,000 and $20,000 pursuant to 58 O.S. Supp. 2005, § 393[58-393], or may the Treasurer require such claims to be supported by one of the documents listed in 60 O.S. Supp. 2005, § 674.2[60-674.2], in pertinent part as follows:
 1. A certified copy of letters of administration or letters testamentary from the probate of the estate of the decedent naming the claimant as the personal representative of the estate of the decedent;
 2. A certified copy of the decree of distribution from the probate of the estate of the decedent determining the claimant to be entitled to receive such property through the estate of the decedent; [or]
 3. . . . a properly verified copy of the [decedent's inter vivos trust] which shows the claimant is the trustee or beneficiary of the trust or otherwise entitled to the [unclaimed] property reported[.]
Id. Oklahoma's probate procedure statutes, specifically 58 O.S. Supp. 2005, § 393[58-393], in pertinent part provides:
 A. At any time ten (10) or more days after the date of death of a decedent, any person indebted to the decedent or having possession of tangible personal property or an instrument evidencing a debt, obligation, stock, chose in action, or stock brand belonging to the decedent shall make payment of the indebtedness or shall deliver the tangible personal property or an instrument evidencing a debt, obligation, stock, chose in action, or stock brand to a person claiming to be the successor of the decedent upon being presented an affidavit made by or on behalf of the successor stating that:
 1. The fair market value of property located in this state owned by the decedent and subject to disposition by will or intestate succession at the time of the decedent's death, less liens and encumbrances, does not exceed Twenty Thousand Dollars ($20,000.00);
 . . . .
 B. A transfer agent of any security shall change the registered ownership on the books of a corporation from the decedent to the successor or successors upon the presentation of an affidavit as provided in subsection A of this section.
 C. The public official having cognizance over the registered title of any personal property of the decedent shall change the registered ownership from the decedent to the successor or successors upon the presentation of an affidavit as provided in subsection A of this section.
Id. (emphasis added).
Oklahoma's Uniform Unclaimed Property Act, specifically 60 O.S. Supp. 2005, § 674.2[60-674.2], provides:
 If any person claims an interest in any property delivered to the State Treasurer[1] in which the owner of the property is determined to be deceased, the State Treasurer shall not pay over or deliver to the claimant property as provided in Section 651 et seq. of this title, unless the claimant provides the following items:
 1. A certified copy of letters of administration or letters testamentary from the probate of the estate of the decedent naming the claimant as the personal representative of the estate of the decedent;
 2. A certified copy of the decree of distribution from the probate of the estate of the decedent determining the claimant to be entitled to receive such property through the estate of the decedent;
 3. If the owner of the property executed an inter vivos trust which provided for the disposition of the property of the owner, a properly verified copy of the trust instrument which shows the claimant is the trustee or beneficiary of the trust or otherwise entitled to the property reported; or
 4. If the value of the property is Ten Thousand Dollars ($10,000.00) or less, a signed affidavit executed by the claimant stating that the claimant is entitled to receive such property, the reason the claimant is entitled to receive such property, that there has been no probate of the estate of the deceased owner, that no probate is contemplated and that claimant will indemnify the state for any loss, including attorney fees, should another claimant assert a prior right to the property.
 The State Treasurer may require other reasonable documentation, in addition to the above items, to determine the validity of the claim.
Id. (footnote added).
Your question arises out of what appears to be a conflict in 58 O.S. Supp. 2005, § 393[58-393](A) and 60 O.S. Supp. 2005, § 674.2[60-674.2]. Title 58, Section 393(A) and subsection (A)(1) of the probate procedure statutes provide that "any person[2] indebted to the decedent or having possession of . . . an instrument evidencing a debt, obligation, stock, chose in action, or stock brand belonging to the decedent shall make payment of the indebtedness or shall deliver . . . an instrument evidencing a debt, obligation, stock, chose in action, or stock brand to a person claiming to be the successor of the decedent upon being presented an affidavit" stating, among other things, that the fair market value of the decedent's property located in the State does not exceed $20,000.00. Id. (footnote added). Moreover, a "public official having cognizance over the registered title of any personal property of the decedent shall change the registered ownership from the decedent to the successor or successors upon the presentation of an affidavit" stating, among other things, that the fair market value of the decedent's property located in the State does not exceed $20,000.00. Id. § 393(A)(1), (C).
In contrast, Section 674.2 of Title 60 of the unclaimed property statutes provides that before the registered ownership is changed from the decedent to the successors for any intangible property valued more than $10,000.00 claimed by the decedent's successors, the State Treasurer shall require the successors to provide certified probate documents or a verified copy of the decedent's inter vivos trust.
"The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the Legislature's intention and purpose as expressed in a statute." Hill v. Bd. of Educ. Dist.1-009, 944 P.2d 930, 931 (Okla. 1997). In enacting a statute the Legislature is not presumed to have intended to repeal an earlier statute by implication. Beavin v. State ex rel. Dep't of Pub.Safety, 662 P.2d 299, 302 (Okla. 1983). Conflicting legislative acts should be construed in such a way as to reconcile the provisions and render them consistent and harmonious, giving force and effect to each. Id.
Using these rules of statutory construction we cannot imply that the provisions in 60 O.S. Supp. 2005, § 674.2[60-674.2], enacted in 1994 and requiring the Treasurer to obtain certified probate documents or a verified trust instrument from the decedent's successors before transferring to them ownership of a decedent's unclaimed property valued in excess of $10,000.00 but less than $20,000.00, were repealed by the later enactment of 58 O.S. Supp. 2005, § 393[58-393][3] in 1998, requiring a public official to pay indebtedness and deliver or transfer an instrument evidencing a debt, obligation, stock, chose in action, or stock brand valued at less than $20,000.00 to a decedent's successors upon their execution of an affidavit. These two statutes must be construed in such a way as to reconcile the provisions and render them consistent and harmonious, giving full force and effect to each.[4]
The two statutes can be harmonized by reading 60 O.S. Supp. 2005, § 674.2[60-674.2] as an exception to 58 O.S. Supp. 2005, § 393[58-393]. Under Section 393 of the probate procedure statutes, public officials, except the State Treasurer in the case of unclaimed property claims described in Section 674.2 of the unclaimed property statutes, shall change the registered ownership of a decedent's property valued at less than $20,000.00 from the decedent to the decedent's successors upon the presentation of an affidavit as provided in Section 393(A) of Title 58. However, if a decedent's unclaimed property is held by the State Treasurer, the decedent's successors may claim the property only upon providing one of the documents listed in 60 O.S. Supp. 2005, § 674.2[60-674.2], in pertinent part as follows:
 1. A certified copy of letters of administration or letters testamentary from the probate of the estate of the decedent naming the claimant as the personal representative of the estate of the decedent;
 2. A certified copy of the decree of distribution from the probate of the estate of the decedent determining the claimant to be entitled to receive such property through the estate of the decedent; [or]
 3. . . . a properly verified copy of the [decedent's inter vivos trust] which shows the claimant is the trustee or beneficiary of the trust or otherwise entitled to the [unclaimed] property reported[.]
 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The Oklahoma State Treasurer is not required to pay claims to a deceased person's unclaimed property valued between $10,000 and $20,000, upon execution of an affidavit by the decedent's successors, pursuant to 58 O.S. Supp. 2005, § 393[58-393].
 2. The Oklahoma State Treasurer shall require claimants to a decedent's unclaimed property valued between $10,000 and $20,000 to be supported by one of the documents listed in 60 O.S. Supp. 2005, § 674.2[60-674.2] in pertinent part as follows:
 1. A certified copy of letters of administration or letters testamentary from the probate of the estate of the decedent naming the claimant as the personal representative of the estate of the decedent;
 2. A certified copy of the decree of distribution from the probate of the estate of the decedent determining the claimant to be entitled to receive such property through the estate of the decedent; [or]
 3. . . . a properly verified copy of the [decedent's inter vivos trust] which shows the claimant is the trustee or beneficiary of the trust or otherwise entitled to the [unclaimed] property reported[.]
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JANIS W. PRESLAR ASSISTANT ATTORNEY GENERAL
[1] "All intangible property, including but not limited to securities, principal, interest, dividends or other earnings thereon, less any lawful charges, held by a business association, federal, state or local government or governmental subdivision, agency or entity, or any other person or entity, regardless of where the holder may be found, if the owner has not claimed such property . . . [it] is presumed abandoned and subject to the custody of this state as unclaimed property. . . ." 60 O.S. 2001, § 657.4[60-657.4]. Title 60 O.S. 2001, § 651[60-651](9) includes in the definition of intangible property to be turned over upon abandonment to the State Treasurer, as follows:
 a. money, checks, drafts, deposits, interest, dividends, and income;
 b. credit balances, customer overpayments, security deposits, refunds, credit memos, unpaid wages, unused airline tickets, and unidentified remittances;
 c. stocks and other intangible ownership interests in business associations;
 d. monies deposited to redeem stocks, bonds, coupons, and other securities, or to make distributions;
 e. amounts due and payable under the terms of insurance policies; and
 f. amounts distributable from a trust or custodial fund established under a plan to provide health, welfare, pension, vacation, severance, retirement, death, stock purchase, profit sharing, employee savings, supplemental unemployment insurance, or similar benefits[.]
Id.
[2] The probate procedure statutes do not define the term "person," but for purposes of answering your question we will assume the term, as used in 58 O.S. Supp. 2005, § 393[58-393], includes the State of Oklahoma and its officials.
[3] See 1998 Okla. Sess. Laws ch. 359, § 5; 2004 Okla. Sess. laws ch. 417, § 1.
[4] That the Legislature did not intend to repeal by implication 60 O.S. Supp. 2005, § 674.2[60-674.2] upon enacting 58 O.S. Supp. 2005, § 393[58-393] is also evidenced by the fact that since the enactment in 1998 of 58 O.S. Supp. 2005, § 393[58-393], the Legislature amended Section 674.2 of the Unclaimed Property Act five times.See 1999 Okla. Sess. Laws ch. 10, § 21; 1999 Okla. Sess. Laws ch. 84, § 1; 1999 Okla. Sess. Laws ch. 426, § 1; 2001 Okla. Sess. Laws ch. 133, § 10; 2003 Okla. Sess. Laws ch. 224, § 12.